UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2024 JAN 18 PM 3: 35

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MOHAMED FARAH WAES | CASE NO.<br><br>JUDGE<br><br>**INDICTMENT**<br><br>**18 U.S.C. § 1956(h)**<br>**18 U.S.C. § 1956(a)(1)(B)(i)**<br>**18 U.S.C. § 1957**<br>**FORFEITURE ALLEGATION** |

**THE GRAND JURY CHARGES:**

All dates and times in this Indictment are alleged to be "on or about," "in and around," or "through and including" the specific dates stated.

## GENERAL ALLEGATIONS

1. At all times relevant to this Indictment, Defendant **MOHAMED FARAH WAES** was a resident of the Southern District of Ohio.

2. Defendant **MOHAMED FARAH WAES** established and caused to be established three businesses by filing paperwork with the Ohio Secretary of State. These businesses were Malipow LLC, Heartland Recycling Inc., and Senga Engineering Inc.

3. Defendant **MOHAMED FARAH WAES** established a bank account in the name of Malipow LLC. The account was a Fifth Third Bank account with an account number ending in x2266. This Indictment will hereafter describe this account as "the Malipow Fifth Third Bank account."

4. Defendant **MOHAMED FARAH WAES** established a bank account in the name of Heartland Recycling Inc. The account was a Fifth Third Bank account with an account

number ending in x9494. This Indictment will hereafter describe this account as "the Heartland Fifth Third Bank account."

5. Defendant **MOHAMED FARAH WAES** established a bank account in the name of Senga Engineering Inc. The account was a Fifth Third Bank account with an account number ending in x5277. This Indictment will hereafter describe this account as "the Senga Fifth Third Bank account."

## COUNT 1
### (Conspiracy to Commit Money Laundering)

6. Paragraphs 1 through 5 are incorporated here.

7. From at least March 21, 2019, through at least March 4, 2020, in the Southern District of Ohio and elsewhere, Defendant **MOHAMED FARAH WAES** did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. § 1956—namely:

    a. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity—namely, wire fraud—knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and

    b. to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been

derived from a specified unlawful activity—namely, wire fraud—in violation of 18 U.S.C. § 1957.

## MANNER AND MEANS OF THE CONSPIRACY

8. It was part of the conspiracy that Defendant **MOHAMED FARAH WAES** would launder and attempt to launder the proceeds of business email compromise ("BEC") scams. The perpetrators of the scams created fake email domains which mimicked legitimate email domains. The scammers then sent emails from these domains to various companies impersonating vendors and asking that payments be made on actual invoices. The victim companies were instructed to send and did send the payments to the bank accounts controlled by Defendant **MOHAMED FARAH WAES** and others. The funds were not used for the purposes claimed by the perpetrators of the scams.

9. It was further part of the conspiracy that Defendant **MOHAMED FARAH WAES** used businesses in his control—namely, Malipow LLC, Heartland Recycling Inc., and Senga Engineering Inc.—to launder criminal BEC proceeds.

10. It was further part of the conspiracy that Defendant **MOHAMED FARAH WAES** established bank accounts to launder and attempt to launder criminal BEC proceeds—namely, the Malipow Fifth Third Bank account, the Heartland Fifth Third Bank account, and the Senga Fifth Third Bank account.

11. It was further part of the conspiracy that Defendant **MOHAMED FARAH WAES** received proceeds from BEC scams, directly or indirectly, into the Malipow Fifth Third Bank account, the Heartland Fifth Third Bank account, and the Senga Fifth Third Bank account.

12. It was further part of the conspiracy that Defendant **MOHAMED FARAH WAES** repeatedly withdrew cash via teller withdrawals and ATM withdrawals, knowing that

these financial transactions were designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds of BEC fraud.

13. It was further part of the conspiracy that Defendant **MOHAMED FARAH WAES** repeatedly sent funds to coconspirators, including by remitting cashier's checks, knowing that these financial transactions were designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds of BEC fraud.

14. It was further part of the conspiracy that Defendant **MOHAMED FARAH WAES** received a percentage of the funds he laundered as payment for his money laundering activities. During the period of the conspiracy, Defendant **MOHAMED FARAH WAES** made significant purchases at Saks Fifth Avenue, Macy's, Ruth's Chris Steak House, Marriott Hotels, and Delta Air Lines.

**In violation of 18 U.S.C. § 1956(h).**

## COUNTS 2 THROUGH 28
### (Concealment Money Laundering)

15. Paragraphs 1 through 14 are incorporated here.

16. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, Defendant **MOHAMED FARAH WAES** did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity—that is, wire fraud—knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that, while conducting and attempting to conduct such financial transactions, Defendant **MOHAMED FARAH WAES** knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Financial Transaction |
|---|---|---|
| 2 | 09/27/2019 | Withdrawing $4,000 in cash from the Malipow Fifth Third Bank account |
| 3 | 09/27/2019 | Withdrawing $6,000 in cash from the Malipow Fifth Third Bank account |
| 4 | 09/27/2019 | Withdrawing $800 in cash from the Malipow Fifth Third Bank account |
| 5 | 09/27/2019 | Purchasing a $12,000 cashier's check with funds withdrawn from the Malipow Fifth Third Bank account |
| 6 | 10/03/2019 | Withdrawing $1,800 in cash from the Malipow Fifth Third Bank account |
| 7 | 10/03/2019 | Withdrawing $800 in cash from the Malipow Fifth Third Bank account |
| 8 | 10/10/2019 | Withdrawing $7,500 in cash from the Malipow Fifth Third Bank account |
| 9 | 10/10/2019 | Withdrawing $10,000 in cash from the Malipow Fifth Third Bank account |
| 10 | 10/10/2019 | Purchasing a $12,000 cashier's check with funds withdrawn from the Malipow Fifth Third Bank account |
| 11 | 10/11/2019 | Withdrawing $9,000 in cash from the Malipow Fifth Third Bank account |

| 12 | 10/11/2019 | Withdrawing $8,000 in cash from the Malipow Fifth Third Bank account |
| --- | --- | --- |
| 13 | 10/11/2019 | Sending and causing to be sent a transfer in the amount of $1,000 from the Malipow Fifth Third Bank account to the Heartland Fifth Third Bank account |
| 14 | 10/11/2019 | Purchasing a $10,000 cashier's check with funds withdrawn from the Malipow Fifth Third Bank account |
| 15 | 10/11/2019 | Purchasing a $12,000 cashier's check with funds withdrawn from the Malipow Fifth Third Bank account |
| 16 | 10/17/2019 | Withdrawing $10,000 in cash from the Malipow Fifth Third Bank account |
| 17 | 10/17/2019 | Sending and causing to be sent a transfer in the amount of $2,000 from the Malipow Fifth Third Bank account to the Heartland Fifth Third Bank account |
| 18 | 10/17/2019 | Purchasing a $12,000 cashier's check with funds withdrawn from the Malipow Fifth Third Bank account |
| 19 | 10/24/2019 | Withdrawing $8,000 in cash from the Malipow Fifth Third Bank account |
| 20 | 10/24/2019 | Withdrawing $800 in cash from the Malipow Fifth Third Bank account |
| 21 | 10/24/2019 | Purchasing a $12,000 cashier's check with funds withdrawn from the Malipow Fifth Third Bank account |
| 22 | 10/25/2019 | Withdrawing $5,000 in cash from the Malipow Fifth Third Bank account |
| 23 | 10/31/2019 | Withdrawing $14,000 in cash from the Malipow Fifth Third Bank account |
| 24 | 10/31/2019 | Withdrawing $800 in cash from the Malipow Fifth Third Bank account |
| 25 | 10/31/2019 | Sending and causing to be sent a transfer in the amount of $1,000 from the Malipow Fifth Third Bank account to the Heartland Fifth Third Bank account |
| 26 | 10/31/2019 | Sending and causing to be sent a transfer in the amount of $1,000 from the Malipow Fifth Third Bank account to the Senga Fifth Third Bank account |
| 27 | 11/07/2019 | Withdrawing $15,000 in cash from the Malipow Fifth Third Bank account |
| 28 | 11/07/2019 | Withdrawing $800 in cash from the Malipow Fifth Third Bank account |

**All in violation of 18 U.S.C. § 1956(a)(1)(B)(i).**

## COUNTS 29 THROUGH 35
### (Money Laundering)

17. Paragraphs 1 through 14 are incorporated here.

18. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, Defendant **MOHAMED FARAH WAES** did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity—that is, wire fraud:

| Count | Date | Monetary Transaction |
|---|---|---|
| 29 | 09/27/2019 | Purchasing a $12,000 cashier's check with funds withdrawn from the Malipow Fifth Third Bank account |
| 30 | 10/10/2019 | Purchasing a $12,000 cashier's check with funds withdrawn from the Malipow Fifth Third Bank account |
| 31 | 10/11/2019 | Purchasing a $12,000 cashier's check with funds withdrawn from the Malipow Fifth Third Bank account |
| 32 | 10/17/2019 | Purchasing a $12,000 cashier's check with funds withdrawn from the Malipow Fifth Third Bank account |
| 33 | 10/24/2019 | Purchasing a $12,000 cashier's check with funds withdrawn from the Malipow Fifth Third Bank account |
| 34 | 10/31/2019 | Withdrawing $14,000 in cash from the Malipow Fifth Third Bank account |
| 35 | 11/07/2019 | Withdrawing $15,000 in cash from the Malipow Fifth Third Bank account |

**All in violation of 18 U.S.C. § 1957.**

## FORFEITURE ALLEGATION

19. Paragraphs 1 through 18 are realleged here.

20. Upon conviction of any of the money laundering offenses alleged in Counts 1 through 35 of this Indictment, Defendant **MOHAMED FARAH WAES** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in the offense as alleged in such count, or any property traceable to such property, including a sum of money equal to $273,982.08 in United States Currency in the form of a forfeiture money judgment.

21. If, as a result of any act or omission of Defendant **MOHAMED FARAH WAES**, the forfeitable property so described, or any portion thereof cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of Defendant **MOHAMED FARAH WAES** up to the value of the subject property.

**Forfeiture in accordance with 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure.**

8

A TRUE BILL

s/Foreperson
FOREPERSON

KENNETH L. PARKER
UNITED STATES ATTORNEY

PETER K. GLENN-APPLEGATE (0088708)
Assistant United States Attorney